Sharmilee Khubani
Law Office of Sharmilee Khubani
24-I Commerce Road
Fairfield, NJ 07004
Telephone: (973) 244-9695


Attorneys for Plaintiff
Spark Innovators Corp.


# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SPARK INNOVATORS CORP. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TELE MARKETERS, INC. d/b/a | : | |
| CREATIVE CONCEPTS (USA) and d/b/a | : | Civil Action No. |
| TEE VEE BRANDS USA, and ADVANI, | : | |
| VINAY GULAB an individual. | : | |
| | : | Jury Trial Demanded |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## COMPLAINT

Plaintiff Spark Innovators, Corp. ("Plaintiff" or "Spark", by its attorneys, for its Complaint against Defendants Tele Marketers Inc. d/b/a Creative Concepts (USA) ("Creative Concepts") and d/b/a Tee Vee Brands USA, and Advani, Vinay Gulab, hereby alleges as follows:

## BACKGROUND

1.    This case involves infringement of the original and distinctive packaging design and artwork created and used by Spark in connection with the sale and promotion of its products in United States commerce.   Spark asserts claims for federal copyright infringement, false designation of origin or sponsorship, and trade dress infringement pursuant to the Lanham Act, as well as common-law unfair competition and claims under the New Jersey Unfair Competition Act, Defendants' infringement arises out of the unauthorized use of Spark's artwork, text and photos for its packaging designs in connection with the sale of reusable coffee pods in direct competition with Spark.

2.    Defendants' unauthorized copying and use of Spark's retail package designs and copyrighted artwork violates Spark's rights under federal copyright law, federal trademark law, common law and New Jersey state law, the New Jersey Consumer Fraud Act, and New Jersey common law. Spark seeks a permanent injunction preventing Defendants from using Spark's coyrighted artwork,  original and distinctive trade dress, along with an award of damages, treble damages, profits, attorney's fees and costs.

## THE PARTIES

3.    Spark Innovators Corp. is a New Jersey corporation having a place of business at 41 Kulick Road Fairfield, NJ 07004.

4.    On information and belief, Tele Marketers Inc ("Tele Marketers") is a limited liability company organized and existing under the laws of New Jersey and having a principal place of business at The HBC, 50 Harrison Street, Suite 118C, Hoboken, NJ 07030.

5.     On information and belief, Defendant Advani Vinay Golub is a shareholder and officer of Defendant Tele Marketers, at 50 Harrison Street, Suite 118C, Hoboken, NJ 07030 and directs and controls the activities of said company, including the activities complained of herein.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

6.     This is an action for copyright infringement and unfair competition, trade dress and dilution.  This action arises under the Copyright Law of the United States (17 USC § 101 et seq.), under the Unfair Competition Law of the United States (15 USC § 1125 (a)) and under the statutory and common law of the State of New Jersey.

7.     Jurisdiction of this Court is founded upon  28 USC §1400, 28 USC §1331 and 1338 (a) and (b), and the pendent jurisdiction of this Court, 28 USC §1367.

8.     Venue is proper within this Judicial District under 28 USC §1391(b) and (c).

## ALLEGATIONS RELATING TO PLAINTIFF'S RIGHTS

9.     Spark has been in the business of the marketing a wide variety of products since 2006  through numerous reputable retail chains and outlets and through direct response television sales.

10.     On or about April 2012, Spark commenced marketing a reusable coffee pod designed for use with a single serving brewer under the trademark CAFÉ CUPS.  Spark has sold the CAFÉ CUP product continuously since that date to a large number of prominent retail chains, including, but not limited to, Walgreens, Bed Bath & Beyond, CVS and Walmart.

11.     As an integral part of its efforts to market the CAFÉ CUP, Spark  created original artwork for the CAFÉ CUP package (the "Package Art").  Spark spent a considerable amount of

money in creating the Package Art, including hiring a graphic designer specializing in retail packaging to create the Package Art under the direction of Spark.

12.    The Package Art for Spark's  CAFÉ CUP product is  copyrightable subject matter under the Copyright Law of the United States, 17 USC § 101, et seq.

13.    Spark has duly complied with the provisions of the Copyright Law of the United States and all the laws governing copyrights with respect to the CAFÉ CUP retail packaging and the Package Art. Spark duly received from the Register of Copyrights a certificate of copyright registration pertaining to the Package Art.  A copy of Spark's Copyright Registration Nos. VA 0001836464/2012 and VA 0001860186/2012 for the work entitled "Café Cup Retail Packaging" is attached hereto as Exhibit 1 and Exhibit 2.

14.    Spark is the sole owner of all right, title and interest in and to the copyright in the Package Art.

15.    Spark has used the Package Art on the packaging for the Café Cup product continuously since Spark began selling the product.  An image of the copy of the Spark Package Art on the Spark package is attached hereto as Exhibit 2.  Spark at a later date made  revisions to the package art but kept the same distinctive and identifying background design. Exhibit 3

16.    The Package Art has become associated with the CAFÉ CUP product and has acquired distinctiveness as a recognized source identifier and embodiment of Spark's good will.

17.    Spark achieved brand recognition by launching an extensive media campaign on television though infomercials that were aired on major networks, during prime time and non prime time slots.  In doing so, Spark achieved brand recognition for its product Café Cup.


**ALLEGATIONS RELATING TO TELE MARKETER'S INFRINGING ACTIVITIES**

18.     Spark repeats the allegations set forth in paragraphs 1 – 17 above as if fully set forth herein.

19.     On information and belief, Defendants Tele Marketers  and Advani Vinay Gulab ("Tele Marketer Defendants") advertise, distribute, offer for sale and sell various products in interstate commerce, on the Internet, and in the State of New Jersey.

20.     On information and belief, the Tele Marketers Defendants have advertised, distributed, offered for sale and sold in commerce a reusable coffee pod for use with single serving machines  product similar to Spark's Café Cup product.

21.     On information and belief, the Tele Marketer's Defendants offered for sale a similiar product in a package bearing substantially similar Package Art to that of Spark's Package Art. (shown in Exhibit 4, attached hereto).

22.     On information and belief, the Tele Marketer Defendants, with full knowledge of the rights of Spark hereinabove alleged, infringed Spark's copyright in the Package Art by copying the distinctive Package Art and design and applying it to the packaging for their competing reusable single serve coffee pod.

23.     The infringing package designs used by the Tele Marketers Defendants for their reusable coffee pod package contain substantial material slavishly copied from Spark's copyrighted work, in violation of Spark's rights under 17 USC §106.

24.     On information and belief, the Tele Marketer Defendants copied Spark's Package Art and applied it to their packaging with the intent to confuse and deceive consumers into believing that Defendants' product was the same or emanates from the same source as Spark's CAFÉ CUP product.

25.     On information and belief, a consumer who purchases any of the Tele Marketer Defendants' similar packaged product is likely to be confused into believing it is purchasing a product from the same source as Spark's CAFÉ CUP product.

26.     On information and belief, as a result of the Tele Marketer Defendants' sales of their products which have substantially similiar packaging art work that was designed and created by Spark,  Plaintiff Spark has suffered, and will continue to suffer from confusion to its customers as well as a result loss of customers. These injuries are irreparable.

27.     Consumers who are dissatisfied with the Tele Marketers Defendants' similar product are likely to attribute their dissatisfaction to Spark's product, thereby lessening the goodwill Spark enjoys with the purchasing public.

28.     On information and belief, the Tele Marketers Defendants' adoption and use of Spark's retail packaging was and is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Spark's initiative and valuable goodwill.

29.     The Tele Marketers Defendants' copyright infringement and unfair competition have damaged Spark in an amount to be determined at trial.


**COUNT ONE**
**COPYRIGHT INFRINGEMENT**

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-29 as though fully set forth herein.

31.     This cause of action for copyright infringement arises under 17 USC § 101, et seq.

32.     The Defendants, and each of them, have infringed Spark copyright in its Package Art by copying the Package Art and placing it upon similar products.

33.    Spark has been and is being irreparably damaged by such acts of infringement and will continue to be damaged unless the acts are enjoined by the Court.  Spark  has no adequate remedy at law.

## COUNT TWO
## UNFAIR COMPETITION UNDER
## SECTION 43(a) OF THE LANHAM ACT

34.    Spark repeats the allegations set forth in paragraphs 1 – 33 above as if fully set forth herein.

35.    This cause of action for unfair competition arises under §43(a) of the Lanham Act, 15 USC § 1125(a).

36.    The Defendants, have used Spark's package art with the intent to confuse and mislead customers as to the source, affiliation or approval of their reusable coffee pod products, and to pass off their reusable coffee pod products as emanating from Spark.

37.    The Defendants' use of substantially similar replica of Spark's Package Art on the packaging for their reusable coffee pod is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with Spark, or have the sponsorship, endorsement, or approval of Plaintiffs.

38.    Defendants' actions demonstrate an intentional,  willful and malicious intent to trade on the goodwill associated with Spark's CAFÉ CUP product and its heavily publicized marketing campaign to the great and irreparable injury of Plaintiffs.

39.    Defendants' conduct has caused and is likely to continue causing, substantial injury to the public and to Spark, and Spark is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1125(a), 1116 and 1117.  Spark has been and is likely to

continue to be injured by diversion of sales from Spark to Defendants and by the lessening of the goodwill Spark's product enjoy with the buying public.  Spark has no adequate remedy at law.

## COUNT THREE
## UNFAIR COMPETITION BY DEFENDANT UNDER
## NEW JERSEY'S UNFAIR COMPETITION ACT

40.     Spark repeats and realleges the allegations set forth in paragraphs 1-38h as though fully set forth herein.

41.     New Jersey's Unfair Competition Action, *N.J.S.A.* 56:4-1, et seq., prohibits the misappropriation of another's brand, trademark, reputation or goodwill.

42.     By copying the retail packaging for Spark's product on to a similar product, the Defendants' are making intentional false representations on their packaging, Defendants' have unfairly competed with Spark under *N.J.S.A.* 56:4-1.

43.     Pursuant to N.J.S.A. 56:4-2, Spark is entitled to an injunction and treble damages.

## COUNT FIVE
## UNFAIR COMPETITON BY DEFENDANTS
## UNDER NEW JERSEY LAW

44.     Spark repeats and realleges the allegations set forth in paragraphs 1-43 as though fully set forth herein.

45.     This cause of action arises under the common law of the State of New Jersey.

46.     Defendants' copying Spark's retail packaging for use on a similar product, the Defendants, and each of them, intentionally made false misrepresentations on their packaging for, and thereby have competed unfairly with Spark under New Jersey common law.

## COUNT SIX
## FEDERAL DILUTION AS TO CAFÉ CUP TRADE DRESS

46. Spark repeats and realleges the allegations set forth in paragraphs 1-45 as though fully set forth herein.

47. Spark has extensively and continuously promoted and used the CAFÉ CUP Trade Dress throughout its marketing channels, and the CAFÉ CUP Trade Dress has become an indicator and identifier of the CAFÉ CUP product.

48. Defendant is making commercial use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Spark's CAFÉ CUP Trade Dress by eroding the public's exclusive identification of this trade dress with Spark, tarnishing the positive associations of the trade dress, and otherwise lessening the capacity of the trade dress to identify and distinguish goods and services.

49. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Spark's CAFÉ CUP Trade Dress or to cause dilution of the CAFÉ CUP Trade Dress, to the great and irreparable injury of Spark.

50. Defendant has caused and will continue to cause irreparable injury to Spark's goodwill and business reputation, and dilution of the distinctiveness and value of Spark's famous and distinctive CAFÉ CUP Trade Dress in violation of 15 U.S.C. §1125( c) and Spark therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1125( c), 1116 and 1117.

**WHEREFORE,** Plaintiff Spark demands judgment jointly and severally against the Defendants as follows:

1. The entry of a preliminary and permanent injunction enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith:

a.        from infringing Spark's Package Art copyright; from using any packaging, advertising, promotion or trade dress which may be calculated to falsely advertise or represent the products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Spark;

b.        from falsely representing themselves as being connected with Spark, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with Spark;

c.        from using any reproduction, counterfeit, copy, or colorable imitation of Spark's Package Art in connection with the publicity, promotion, sale or advertising of any goods sold by the Defendants, including, without limitation, reusable coffee pods; and

d.        from otherwise unfairly competing with Spark;

2.        The entry of an order requiring Defendants to cancel all orders they have received for their products as a result of misappropriating Spark's retail packaging;

3.        The entry of an order requiring Defendants to deliver to Spark for destruction all infringing packaged goods, which are in the possession, custody, or under the control of Defendants, or any of their parents, subsidiaries, employees, agents, servants, customers or attorneys, and all parties in privity with them;

4.        An award to Spark of such actual damages as Spark has sustained in consequence of Defendants' infringement of Spark's retail packaging, and to account for all gains, profits and advantages pursuant to 17 USC § 504;

5.      An award to Spark of Defendants' profits, any damages sustained by Spark as a result of Defendants' acts and Spark's costs of this action, pursuant to 15 USC § 1117(a);

6.      An award to Spark of punitive damages;

7.      An award to Spark of pre-judgment interest on its judgment;

8.      An award to Spark of its reasonable attorneys' fees pursuant to N.J.S.A. 56:8-19 and 17 USC § 505; and

9.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Spark  demands a trial by jury on all matters and issues triable by jury.

Dated:  March 19, 2014                          Respectfully submitted,

                                                 /s Sharmilee Khubani
                                                Sharmilee Khubani
                                                Law Office of Sharmilee Khubani
                                                240-I Commerce Road
                                                Fairfield, NJ 07004
                                                 (973) 244-9695


                                                Attorneys for Plaintiff

                                                 /s Sharmilee Khubani
                                                Sharmilee Khubani